## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Clinton Lee Strother,                                         Civil No. 15-488 (PAM/JJK)

       Petitioner,

v.                                                           **REPORT AND**
                                                             **RECOMMENDATION**

State of Minnesota,

       Respondent.

Clinton Lee Strother, #116822, 1000 Lakeshore Drive, Moose Lake, MN  55767, Petitioner, pro se.

Jonathan D. Holets, Esq., St. Louis  County Attorney's Office, counsel for Respondent.

JEFFREY J. KEYES, United States Magistrate Judge

## I.  BACKGROUND

Petitioner Clinton Lee Strother was found guilty of second-degree sale of a controlled substance after a jury trial in St. Louis County, Minnesota.  His conviction arose from one of four instances in which he sold cocaine to a confidential informant in a vehicle located within a public housing zone.  Petitioner filed an appeal to the Minnesota Court of Appeals, arguing that the evidence at trial was insufficient as a matter of law to convict him where the only evidence of his identity was the testimony provided by the confidential informant who had arranged the controlled drug buy.  The Minnesota Court of Appeals affirmed the conviction.  *State v. Strother*, No. A13-0817, 2014 WL 1660671 (Minn. Ct. App. Apr. 28, 2014).  Petitioner sought review by the Minnesota Supreme Court, advancing the same theory affirmed by the Minnesota Court of Appeals.  The Minnesota Supreme Court denied review on June 25, 2014.  *State v. Strother*, No. A13-0817 (Minn. June 25, 2014) (Order denying petition for further review),

http://macsnc.courts.state.mn.us/ctrack/docket/docketEntry.do?

action=edit&deID=740550&csNameID=75650&csInstanceID=87440&csIID=87440.

In his appeal to the Minnesota Court of Appeals, Petitioner argued that his conviction violated the Due Process Clause on grounds that: (1) the evidence was insufficient because the informant who testified was inherently unreliable by virtue of her role as a police informant; and (2) the testimony of the informant was inadequately corroborated, consequently furthering the claim of unreliability. *Strother*, 2014 WL 1660671, at *1–2. The Minnesota Court of Appeals, in reviewing this sufficiency-of-the-evidence challenge, "carefully analyze[d] the record to determine whether the jury could reasonably find the defendant guilty of the offense charged based on the facts and the record and the legitimate inferences that can be drawn from them." *Id.* at *1. It concluded that the informant's testimony was not inherently unreliable or insufficient. *Id.* The evidence at trial showed that the informant had consistently identified Petitioner as the driver involved in four controlled sales, not just the one sale that the conviction was based upon. *Id.* at *2. Although the informant did not know Petitioner's name, she had seen him before and was certain both in her statements to the police and in her trial testimony that he was the driver and person who supplied the cocaine during each of the four controlled sales. *Id.* Although the informant was paid for assisting with the transactions and was interested in cooperating because of criminal charges she faced in Wisconsin, the evidence showed that the informant was not paid to testify, and the charges against her were resolved by the time she testified in petitioner's case. *Id.* Moreover, the informant's motives for working with the police were brought out in her direct testimony and were the subject of cross-examination. *Id.*

The Minnesota Court of Appeals said that a jury verdict may be based on the testimony of a single credible witness, and a police informant's testimony does not need to be corroborated.

*Id.* Further, the court concluded that there was ample evidence corroborating the informant's testimony. *Id.* The person who arranged the controlled sale was present in the vehicle when Petitioner was arrested. *Id.* An audio recording from one of the controlled sales captured Petitioner saying that he would not dip into the cocaine. *Id.* The recording from another of the sales captured the informant giving Petitioner ten dollars for gas and petitioner responding, "So then there's $120.00 for the drugs." *Id.* The police officer who observed the occupants of the vehicle driving the first two controlled sales identified Petitioner as the driver on both occasions, a fact which Petitioner did not dispute. *Id.*

Ultimately, the Minnesota Court of Appeals concluded that: "In reaching its verdict, the jury weighed the evidence, including challenges to [the informant's] credibility and other evidence of [Petitioner's] participation in the subject drug sale. When viewed in the light most favorable to the conviction, the evidence is sufficient to support [Petitioner's] conviction." *Id.*

In his habeas petition, Petitioner raises the same claims that he presented to the Minnesota Court of Appeals on his direct appeal.[1] (Doc. No. 1, Pet. at 5 (raising an issue of "corroboration"); Doc. No. 1-1, Attach. to Pet. (raising issues with alleged lack of corroboration for the informant's testimony and her asserted lack or reliability).) He asserts that the conviction

---

[1]     In his brief to the Minnesota Court of Appeals, in addition to citing state cases addressing the sufficiency of the evidence standard, Petitioner cited the Fifth and Fourteenth Amendment to the United States Constitution and relied on *Jackson v. Virginia*, 443 U.S. 307, 312–13 (1979). (Doc. No. 16, Resp't's Am. Addendum to Ans. ("Resp't's Am. Add.") 114 (page 10 of Strother's brief to the Minnesota Court of Appeals).) He also raised the federal constitutional issue and cited *Jackson* in his Petition for Review of Decision of Court of Appeals. (Resp't's Am. Add. 37, 54 (duplicates of page 5 of Strother's Petition for Review).) Thus, although the Minnesota Court of Appeals did not refer to the federal constitution or to *Jackson* in its opinion, we can reasonably conclude that Petitioner fairly presented the federal nature of his claim during his direct appeal in the state courts.

violated the Due Process Clause because the evidence submitted to the jury at trial was

insufficient to support his conviction because the testimony of the informant was inadequately

corroborated and because the informant's testimony was inherently unreliable by virtue of her

role as a police informant. [2] (Doc. No. 1-1, Attach. to Pet.)

## II. STANDARD OF REVIEW

Habeas relief is available to a state prisoner if "he is in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Anti–Terrorism

and Effective Death Penalty Act (AEDPA) limits habeas review to adjudications that:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established federal law, as determined by the
> Supreme Court of the United States; or

---

[2]     In response to the Respondent's Answer to the Petition, Strother raises two issues with
the performance of his defense attorney at trial, Kevin C. Cornwell. At one point during her
testimony, Petitioner asserts that the informant stated that she had seen Petitioner with someone
named Jeff. (Doc. No. 13 at 10.) He asserts that "Cornwell . . . failed to establish at trial which
Jeff the drug and gang task force was referring to, and at the same time failed to specify with any
clarity, or corroborate, how and when the identification that tied Strother to the February 1,
20112 controlled buy was obtained after his arrest." (*Id.* at 11–12.) Later in his response to
Respondent's Answer, Petitioner discusses the informant's lack of appearance at her scheduled
time during certain court appearances. (*Id.* at 15–17.) Petitioner states that "Cornwell . . . failed
to even broach the subject of [the informant's] mysterious disappearance, or the vast
inconsistencies of her explanation for her absence from the court." (*Id.* at 17.) To the extent
Petitioner attempts by these arguments to insert a claim in this case that his conviction must be
overturned because his trial counsel was ineffective, this Court notes that he has not pled such a
claim as a ground in his habeas Petition. Nor does it appear on the record here that he presented
this issue to the Minnesota Court of Appeals or the Minnesota Supreme Court during his direct
appeal. (*See* Resp't Am. Add. 51 (listing a single legal issue regarding sufficiency of the
evidence in Strother's Petition for Review); *id.* at 100 (Petitioner's "Legal Issue" in his statement
of the case to the court of appeals raised only sufficiency of the evidence); *id.* at 101–19
(Petitioner's brief at the court of appeals does not discuss any claims concerning ineffective
assistance of counsel).) We cannot review any claims concerning the effectiveness of
Petitioner's trial counsel in this proceeding because it appears he has never exhausted such a
claim during his direct appeal or through any state post-conviction proceedings. This Court
expresses no opinion whether any state  post-conviction remedies remain available to Petitioner.

4

(2) resulted in a decision that was based on an unreasonable determination
of the facts in light of the evidence presented in the State court proceeding.

*Id.* § 2254(d)(1)–(2).

The United States Supreme Court explained the meanings of the "contrary to" and "unreasonable application" clauses in *Williams v. Taylor*, 529 U.S. 362 (2000). A state court decision is "contrary to" Supreme Court precedent if it either "arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law" or "decides a case differently than th[e] [Supreme] Court has on a set of materially indistinguishable facts." *Id.* at 412–13. A state court decision is an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "A federal court may not issue the writ simply because it 'concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.'" *Lyons v. Luebbers*, 403 F.3d 585, 592 (8th Cir. 2005) (quoting *Williams*, 529 U.S. at 411).

## III. ANALYSIS

The clearly established United States Supreme Court precedent that applies to a claim that the evidence at trial was insufficient to support a conviction for the charged crime is *Jackson v. Virginia*, 443 U.S. 307 (1979). In *Jackson*, the Court held that the standard of review in a Due Process Challenge to the sufficiency of the evidence to support a state court conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 319.

The Minnesota Court of Appeals did not unreasonably apply *Jackson* in this case.  It viewed the evidence in the light most favorable to the conviction to "determine whether the jury could reasonably find the defendant guilty of the offense charged based on the facts in the record and the legitimate inferences that can be drawn from them."  *Strother*, 2014 WL 1660671, at *1. Thus, the court engaged a standard of review that is identical to *Jackson's* requirement that a determination be made as to whether any rational trier of fact could have found Petitioner guilty of the crime charged.  *See Strother*, 2014 WL 1660671, at *1 ("We will not disturb a verdict if the jury, acting with due regard for the presumption of innocence and for the necessity of overcoming it by proof beyond a reasonable doubt, could reasonably conclude that a defendant was proven guilty of the offense charged.") (quotations and alterations omitted).

Our review in federal habeas of how the Minnesota Court of Appeals applied this correct legal standard to the evidence in this case must be very deferential.  *See Parker v. Matthews*, 132 S. Ct. 2148, 2152 (2012) (describing the standard of review in a habeas case challenging the state court's rejection of a sufficiency of the evidence standard as "twice-deferential" because the state court applying *Jackson* must be deferential toward the jury's guilty verdict and the habeas court must be further deferential under AEDPA).  We are bound to recognize that the Minnesota Court of Appeals was constrained in its own review of the sufficiency of the evidence pursuant to *Jackson*.  It viewed the evidence in the light most favorable to the conviction, assuming that the jury believed the state's witnesses and disbelieved any evidence to the contrary.  These limitations on appellate review of the sufficiency of evidence comport with federal due process requirements.  *U.S. v. Ramirez*, 350 F.3d 780, 783 (8th Cir. 2008).

When we conduct habeas review of the Minnesota Court of Appeals evaluation of the sufficiency of the evidence at trial, we are further limited by the deference required by AEDPA.

Even if we concluded, which we do not, that the state court erroneously or incorrectly applied *Jackson* in this case, this would not be sufficient to grant habeas relief.  We must find that the application was also objectively unreasonable.  *Cavalos v. Smith*, 132 S. Ct. 2, 4 (2011) ("[A] federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court.  The federal court instead may do so only if the state court decision was 'objectively unreasonable.'").

        This Court's own review of the record shows that the state appellate court's decision to reject Petitioner's sufficiency of the evidence challenge was not objectively unreasonable.  Taking all the inferences in favor of the conviction and assuming that the jurors disbelieved any evidence to the contrary, there was evidence in the record from which a rational juror could have determined that all the elements of the offense were met.  For example, Petitioner did not dispute that he was the driver involved in several of the drug sales in which the informant identified him as a participant.  *See Strother*, 2014 WL 1660671, at *1 n.1 (indicating that "Strother did not object to evidence relating to the other three controlled sales [for which he was not convicted], and does not dispute that he was involved in them").  The informant consistently identified Petitioner as having been involved in all four of the controlled sales.  (Resp't's Am. Add. 19–21 (informant's trial testimony indicating that Strother was involved in each controlled sale).)  Although she did not know his name, the informant had seen him before the controlled sales.  (*Id.* at 22 (informant's testimony that she had not known his name before, but had seen Strother before the sales took place).)  And after reviewing audio recordings from the sales, the informant recalled that Petitioner was actively engaged in them.  (*Id.* at 18–19 (discussing the informant's review of audio tapes from the transaction).)  Petitioner argued at trial that he was not involved in the subject drug sale and vigorously attacked the credibility of the informant as a drug dealing

snitch who should not be believed.  For example, during cross examination, Petitioner's counsel attacked the informant's credibility based on her cooperation agreement with law enforcement and the reduced charges she received, on her prior criminal record and prison sentence, and on the fact that she had been involved in child protection proceedings.  (*See* Resp't's Am. Add. 3–31.)  Petitioner's counsel also attacked the credibility of the informant during closing argument. (*Id.* at 2.)

The Minnesota Court of Appeals acknowledged evidence of this same character in its decision, and it addressed that Petitioner was given an opportunity to discuss her motive for working with the police on cross examination.  *Strother*, 2014 WL 1660671, at *2.  The court further acknowledged other corroborating evidence, including Petitioner's own voice being captured on audio recordings, discussing cocaine and the amount of money to be paid for the drugs.  *Id.*  Petitioner cannot point to anything in the record that shows it was objectively unreasonable for the appellate court to defer under *Jackson* to the jury's guilty verdict in the face of this evidence.

In reaching its verdict the jury had to weigh all of the evidence to reach its verdict that Petitioner was guilty of second-degree sale of a controlled substance.  The Minnesota Court of Appeals was constrained in its review of the sufficiency of the evidence to assume that the jury believed the state's witnesses, including the informant, and disbelieved any of the evidence Petitioner presented at trial.  We are even further constrained by AEDPA in asking only whether the conclusion reached by the state appellate court was an objectively unreasonable application of that deferential standard under *Jackson*.  It was not.

## <u>RECOMMENDATION</u>

Because the Minnesota Court of Appeals did not unreasonably apply *Jackson* in reaching

its conclusion that there was sufficient evidence for the jury to reasonably find the defendant

guilty of second-degree sale of a controlled substance, **IT IS HEREBY RECOMMENDED**

that:

      1.      The habeas petition (Doc. No. 1) be **DENIED**; and

      2.      This action be **DISMISSED WITH PREJUDICE**.

Date:  February 10, 2016

                                        <u>*s/ Jeffrey J. Keyes*</u>
                                        JEFFREY J. KEYES
                                        United States Magistrate Judge

## <u>NOTICE</u>

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.