UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Clinton Lee Strother,                                          Civ. No. 15-488 (PAM/JJK)

Petitioner,

v.                                              **MEMORANDUM AND ORDER**

State of Minnesota,

Respondent.

This matter is before the Court on the Report and Recommendation ("R&R") of

Magistrate Judge Jeffrey J. Keyes dated February 10, 2016 (Docket No. 17).  The R&R

recommends denial of the Petition for Writ of Habeas Corpus and the dismissal of this action

with prejudice.  Petitioner Clinton Lee Strother filed timely objections to the R&R.  (Docket

No. 18).

According to statute, the Court must conduct a de novo review of any portion of the

Magistrate Judge's opinion to which specific objections are made.  28 U.S.C. § 636(b)(1)(C);

Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b).  For the reasons discussed below, the Court

adopts the R&R and dismisses the Petition with prejudice.

**BACKGROUND**

Strother is currently incarcerated at the Minnesota Correctional Facility in Moose

Lake, Minnesota, following his conviction in St. Louis County for second-degree sale of a

controlled substance. He contends that the Minnesota Court of Appeals erred in determining

that the testimony of a confidential informant was alone sufficient to convict him of this

crime.  But as Magistrate Judge Keyes correctly found, the state court properly applied the

standard for the sufficiency of the evidence and therefore Strother has no remedy in a federal

habeas action.

**DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28

U.S.C. § 2241 et seq., a federal court may exercise only "limited and deferential review of

underlying state court decisions. Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003).

Indeed, AEDPA "modified a federal habeas court's role in reviewing state prisoner

applications in order to prevent federal habeas 'retrials' and to ensure that state-court

convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685,

693 (2002) (citation omitted). 28 U.S.C. § 2254, which applies to persons in custody

pursuant to a state-court judgment, provides:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State court proceedings unless
> the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of
> the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, § 2254 states that "a determination of a factual issue made by

a State court shall be presumed to be correct." Id. § 2254(e)(1). The burden is on the

petitioner to "rebut[] the presumption of correctness by clear and convincing evidence." Id.

Here, Strother attacks the credibility of the confidential informant whose testimony,

he contends, was the only evidence tying him to the crime for which he was convicted.  But

the Minnesota Court of Appeals considered this challenge and rejected it, finding that,

viewed in the light most favorable to the conviction, the evidence was sufficient to support

the conviction.  (R&R at 3.)  This determination was not an unreasonable application of

clearly established federal law.  Supreme Court precedent requires a court to determine

"whether, after viewing the evidence in the light most favorable to the prosecution, any

rational trier of fact could have found the essential elements of the crime beyond a reasonable

doubt."  Jackson v. Virginia, 443 U.S. 307, 319 (1979).  This is substantively identical to the

standard the Minnesota Court of Appeals applied to Strother's case.

Strother contends that the state court's ruling was objectively unreasonable because

that court should have determined that the confidential informant was unreliable.  But

Strother's attorney thoroughly questioned her motives on cross-examination, and thus the

jury had all of the information it needed to determine her reliability.  Obviously, the jury

found her a reliable witness despite her motivation for testifying.  This is not a constitutional

violation.

In order to appeal an adverse decision on a § 2254 motion challenging a state-court

conviction, the petitioner must first obtain a certificate of appealability.  See 28 U.S.C.

§ 2253(c)(1)(A).  A court cannot grant a certificate of appealability unless the applicant has

made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

This Court has considered whether the issuance of a certificate is appropriate here and finds

that no issue raised is "debatable among reasonable jurists." <u>Fleiger v. Delo</u>, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing <u>Lozada v. Deeds</u>, 498 U.S. 430, 432 (1991) (per curiam)). The Court therefore declines to issue a certificate of appealability.

**CONCLUSION**

Strother has no remedy under § 2254 because the state court did not unreasonably apply federal law to his claims. Accordingly, **IT IS HEREBY ORDERED that**:

1.   The R&R (Docket No. 17) is **ADOPTED**;

2.   The Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED**;

3.   No certificate of appealability will issue; and

4.   This action is **DISMISSED with prejudice**.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: <u>Monday, March 7, 2016</u>

*s/ Paul A. Magnuson*

Paul A. Magnuson
United States District Court Judge
